# Illinois Official Reports

## Appellate Court

---

### *Eighner v. Tiernan*, 2020 IL App (1st) 191369

---

| | |
|---|---|
| Appellate Court Caption | STANLEY EIGHNER, Plaintiff-Appellee, v. PATRICIA J. TIERNAN, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>No. 1-19-1369 |
| Filed<br>Rehearing denied | March 5, 2020<br>April 17, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-L-11146; the Hon. Moira S. Johnson, Judge, presiding. |
| Judgment | Certified question answered.<br>Judgment reversed and remanded with directions. |
| Counsel on Appeal | Michael J. Ripes and Keith J. Rhine, of Ripes, Nelson, Baggot & Kalobratsos, P.C., of Chicago, for appellant.<br><br>John P. DeRose, of John P. DeRose & Associates, of Hinsdale, for appellee. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion.<br>Presiding Justice Gordon and Justice Lampkin concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff, Stanley Eighner, filed a complaint in the circuit court of Cook County alleging he was injured in a motor vehicle collision involving defendant, Patricia J. Tiernan. Plaintiff subsequently moved to voluntarily dismiss the complaint with leave to refile pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2014)). The circuit court granted the motion. Less than a year later, plaintiff attempted to refile his complaint under the original case number (14-L-11428). After repeated failures at motioning the matter before the circuit court, plaintiff filed his complaint under a new case number (18-L-11146) and was successful. Thereafter, defendant filed a motion to dismiss pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2018)), in which she argued that plaintiff did not timely refile his complaint as contemplated by section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)).[1] The circuit court denied the motion to dismiss and certified the following question for appeal pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016): "Whether refiling a complaint in a previously dismissed lawsuit as opposed to filing a new action satisfies the language of 735 ILCS 5/13-217, which states a plaintiff may commence a new action after the case is voluntarily dismissed pursuant to 735 ILCS 5/2-1009." For the reasons that follow, we answer the certified question in the negative. Furthermore, we reverse the judgment of the circuit court and remand with directions to grant the motion to dismiss.

¶ 2                                              BACKGROUND

¶ 3     On November 3, 2014, plaintiff filed a negligence action against defendant seeking damages for personal injuries he received in a motor vehicle collision that occurred on November 2, 2012. Thereafter, on May 18, 2017, the circuit court granted plaintiff's motion to voluntarily dismiss the matter pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2014)). The order provided that the matter was voluntarily dismissed "without prejudice and with leave to reinstate within one year of the date of this Order pursuant to the terms of Section 5/2-1009 of the Illinois Code of Civil Procedure."

¶ 4     On April 23, 2018, plaintiff filed (under the original case number) a "Notice of Refiling Complaint Being Reinstated Within One Year of Voluntary Dismissal" along with a copy of the complaint being refiled. Plaintiff then notified defense counsel by leaving messages with defense counsel's assistant and through e-mails that the matter had been refiled. When the matter was not set for case management, plaintiff contacted the circuit court of Cook County's clerk's office to inquire about the status of the case. Plaintiff was advised to refile the matter under a new case number, which he did on October 15, 2018.

¶ 5     After defendant was served with the complaint in the newly filed matter, she moved to dismiss the case pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2018)). Defendant maintained that because the complaint was refiled more than one year after

---

[1]Public Act 89-7, which amended section 13-217 of the Code effective March 1995 (Pub. Act 89-7 (eff. Mar. 9, 1995)), was held to be unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Accordingly, the effective version of section 13-217 of the Code is the version that was in effect prior to the March 1995 amendment. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008).

the initial complaint was voluntarily dismissed, as required by section 13-217 of the Code, the matter should be dismissed with prejudice. In response, plaintiff asserted that he was not required to refile the complaint under a new case number in order to comply with section 13-217 of the Code and that he timely refiled the complaint in the initial action on April 23, 2018. In reply, defendant asserted that in order to comply with section 13-217, plaintiff had to vacate the dismissal and seek leave to refile the complaint or refile the matter under a new case number. Defendant argued that because plaintiff did not seek leave from the court and untimely filed a new cause of action, her motion to dismiss should be granted.

¶ 6        The circuit court denied the motion to dismiss and certified the question at issue in this appeal: "Whether refiling a complaint in a previously dismissed lawsuit as opposed to filing a new action satisfies the language of 735 ILCS 5/13-217, which states a plaintiff may commence a new action after the case is voluntarily dismissed pursuant to 735 ILCS 5/2-1009."

¶ 7                                              ANALYSIS

¶ 8        As this appeal concerns a question of law certified by the circuit court pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016), our review is *de novo*. *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 21. Under the *de novo* standard, "we perform the same analysis a trial court would perform and give no deference to the judge's conclusions or specific rationale." *Bituminous Casualty Corp. v. Iles*, 2013 IL App (5th) 120485, ¶ 19. *De novo* review is also appropriate as the appeal arose in the context of an order denying a section 2-619 motion to dismiss (*Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006)) and its resolution turns on a question of statutory interpretation of section 13-217 of the Code. See *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 18.

¶ 9        The rules of statutory construction are well known:

> "The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. [Citation.] The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. [Citation.] Where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction. [Citation.] However, if the statutory language is ambiguous or unclear, this court may look beyond the act's language to ascertain its meaning. [Citation.] A statute is ambiguous if it is capable of more than one reasonable interpretation. [Citation.] The construction of a statute is a question of law that we review *de novo*." *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11.

¶ 10        Before this court, defendant argues that the certified question should be answered in the negative. Defendant maintains that, under the plain language of section 13-217, a "new action" requires the filing of a new lawsuit with the circuit clerk, relying on language in *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 48. Plaintiff disagrees that section 13-217 is limited to only those actions that are refiled under a new case number and maintains that there is no rule, local or otherwise, that requires a plaintiff to do so in order to be in compliance with section 13-217. Accordingly, plaintiff contends the circuit court correctly determined that his refiling of the complaint in the 2014 action was sufficient to satisfy section 13-217.[2]

_____

[2]We observe that plaintiff raised numerous factual issues in his brief. Such factual arguments are improper when a matter is before us on a certified question. See *Rozsavolgyi*, 2017 IL 121048, ¶ 25. Accordingly, our review is limited to the issues raised by the certified question and we will not go

¶ 11    We begin with an examination of the statute at issue. Section 13-217 of the Code is a savings provision that allows plaintiffs to refile a cause of action if its prior disposition was based on the reasons outlined in the statute. 735 ILCS 5/13-217 (West 1994); *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 162 (1997). Its purpose is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. *Gendek v. Jehangir*, 119 Ill. 2d 338, 343 (1988); *Schrager v. Grossman*, 321 Ill. App. 3d 750, 754 (2000). To that end, section 13-217 provides a plaintiff with the absolute right to refile a complaint within one year or within the remaining limitations period, whichever is greater. *Timberlake*, 175 Ill. 2d at 163. Section 13-217 provides in pertinent part:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff ***." 735 ILCS 5/13-217 (West 1994).

¶ 12    Applying the rules of statutory construction, we conclude that the plain language of section 13-217 does not support plaintiff's interpretation that reinstating the complaint under the original case number satisfies the "new action" requirement. The "plain language of a statute provides the most reliable indicator of legislative intent, and we must not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent." *Hawes v. Luhr Brothers, Inc.*, 212 Ill. 2d 93, 105 (2004). The phrase "may commence a new action" is unambiguous. "New" denotes a new case number, a new filing fee, and a new summons to issue. Had the legislature intended to allow a plaintiff to file an action after a dismissal under the old case number, it would have so provided and would not have used the words "new action" in section 13-217. In addition, the legislature would have provided a vehicle in which to vacate the dismissal.

¶ 13    This interpretation is supported by our supreme court's statement in *Richter* that "[a] refiled action pursuant to section 13-217 is not a restatement of the old action, but an entirely new and separate action." *Richter*, 2016 IL 119518, ¶ 48. Indeed, our supreme court has traditionally found a distinction between original and refiled actions when considering section 13-217. See *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 504 (1997) ("The original and refiled actions are completely distinct actions."). This distinction has also been made by other courts. See *Wilson v. Brant*, 374 Ill. App. 3d 306, 311 (2007) (the commencement of a new action under section 13-217 is not a "re-commencement" of the original action); *Ramos v. Kewanee Hospital*, 2013 IL App (3d) 120001, ¶ 85 (same); *Wells Fargo Bank v. Zajac*, 2017 IL App (1st) 160787, ¶ 17 ("Section 13-217 pertains to refiling; it does not apply to reinstatement.").

¶ 14    Lastly, we observe that in answering the certified question our jurisdiction is limited to the question presented to us by the circuit court. *Lewis v. NL Industries, Inc.*, 2013 IL App (1st) 122080, ¶ 5. In this instance, we were limited to the interpretation of section 13-217 of the

---

beyond the question to consider other matters. See *American Family Mutual Insurance Co. v. Plunkett*, 2014 IL App (1st) 131631, ¶ 29.

Code. We do not opine on whether the reinstatement of a case upon motion by the plaintiff qualifies as a "new action" under section 13-217. Indeed, plaintiff here filed no such motion.

¶ 15 Based on the plain language of section 13-217, we conclude that the phrase "may commence a new action" as set forth in section 13-217 requires a plaintiff to refile the complaint under a new case number.

¶ 16 Having answered the certified question, in the interests of judicial economy and the need to reach an equitable result, we next consider the propriety of the circuit court's order that gave rise to these proceedings. See *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 558 (2009). The circuit court denied defendant's motion to dismiss on the basis that plaintiff timely refiled her complaint pursuant to section 13-217 of the Code. As we have concluded that plaintiff's actions here did not effectuate a proper refiling of the case, we find the circuit court erred in denying defendant's motion to dismiss. Accordingly, we reverse the judgment of the circuit court and remand this cause to the circuit court with direction to grant the motion to dismiss.

¶ 17                                                CONCLUSION

¶ 18 For the reasons stated, we answer the certified question in the negative and reverse the judgment of the circuit court.

¶ 19 Certified question answered.

¶ 20 Judgment reversed and remanded with directions.