**2021 IL 126101**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126101)

STANLEY EIGHNER, Appellant, v. PATRICIA J. TIERNAN, Appellee.

*Opinion filed September 23, 2021.*

CHIEF JUSTICE ANNE M. BURKE delivered the judgment of the court, with opinion.

Justices Garman, Theis, Neville, Michael J. Burke, Overstreet, and Carter concurred in the judgment and opinion.

## OPINION

¶ 1     The principal issue presented in this appeal is whether the phrase "may commence a new action" in section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 1994))[1] refers to a new lawsuit, with a new case

_____

[1] Section 13-217 was amended by Public Act 89-7, § 15 (eff. Mar. 9, 1995). However, Public Act 89-7 was found unconstitutional in its entirety by this court in *Best v. Taylor Machine Works*,

number, filing fee, and summons. We hold that it does.

¶ 2                                                    BACKGROUND

¶ 3      On November 3, 2014, plaintiff Stanley Eighner filed a one-count complaint in the circuit court of Cook County alleging that he suffered personal injury and damage to his car when, on November 2, 2012, defendant Patricia Tiernan crashed her car into his. The complaint was docketed as case number 14-L-11428. Plaintiff paid a filing fee of $567 and caused summons to be issued to defendant.

¶ 4      As his case was nearing the date of trial, plaintiff was still suffering from the effects of the crash, and he therefore decided to undergo surgery on his shoulder and neck. Because plaintiff would be unavailable for trial, plaintiff's counsel moved to voluntarily dismiss the case under section 2-1009 of the Code (735 ILCS 5/2-1009(a) (West 2014)). On May 18, 2017, the circuit court granted the motion. The voluntary dismissal order entered by the court states:

> "IT IS HEREBY ORDERED that the above-captioned cause is voluntarily dismissed as to defendant, PATRICIA J. TIERNAN, without prejudice and with leave to reinstate within one year of the date of this Order, pursuant to the terms of Section 5/2-1009 of the Illinois Code of Civil Procedure. Plaintiff to pay defendant's costs for filing an appearance and jury demanded upon the refiling of the case."

¶ 5      No further action was taken until April 23, 2018, approximately 25 days before the expiration of the one-year deadline set forth in the circuit court's order of dismissal. On that date, plaintiff's counsel electronically filed a document with the clerk of the circuit court of Cook County under the original case number, 14-L-11428. This document, which is titled "Plaintiff's Notice of Refiling Complaint Being Reinstated within One Year of Voluntary Dismissal" and which is addressed to defendant's counsel, states:

---

179 Ill. 2d 367 (1997). Accordingly, the version of section 13-217 that is currently in effect is the version that preceded the amendments of Public Act 89-7. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008).

"Please take notice that on April 23, 2018 the complaint in the above-numbered case is being filed and reinstated within one year of the date of the Order entered by Her Honor, Judge Moira S. Johnson granting leave to reinstate pursuant to the terms of Section 5/2-1009 of the Illinois Code of Civil Procedure."

Included with this notice of reinstatement was a copy of plaintiff's original complaint. Plaintiff was not assessed a filing fee, and no summons was issued to defendant.

¶ 6      After uploading the notice of reinstatement and the original complaint, plaintiff's counsel received file-stamped copies of the documents, along with a "Notice of Electronic Filing," from the clerk of the circuit court of Cook County. This notice states that counsel's "transmission was received on 4/23/18 at 10:50 AM and was ACCEPTED with the Clerk of the Circuit Court of Cook County on 4/23/2018 at 11:43 AM."

¶ 7      According to plaintiff's counsel, "nothing seemed to be happening" with the case after he filed the notice of reinstatement. On May 15, 2018, he phoned counsel for defendant and informed him that the notice of reinstatement had been electronically filed on April 23. In a subsequent exchange of e-mails, counsel for defendant informed plaintiff's counsel that he was unable to find the reinstated case on the circuit court website.

¶ 8      Several months later, on October 11, 2018, plaintiff's counsel sent defense counsel an e-mail in which he stated that he had "tried for 2 hours to file the matter last evening under a different number" and that he was afterwards advised by the circuit court clerk's office to keep the same number on the case and "figure out a way to get it before the judge." Attached to the October 11, 2018, e-mail was a document titled "Plaintiff's Motion to Set a Case Management Schedule," which was captioned with the original case number, 14-L-11428. Plaintiff's counsel was unsuccessful in filing this motion. He again contacted the clerk's office and was then advised to file the cause of action under a new case number.

¶ 9      On October 15, 2018, plaintiff filed a new complaint that was docketed as case number 18-L-11146. The new complaint was substantively identical to plaintiff's original complaint. Plaintiff paid a filing fee of $483 for the new complaint, and a new summons was issued to defendant.

¶ 10    After defendant was served in the new case, she filed a motion to dismiss pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2014)), alleging that the new lawsuit was untimely. In this motion, defendant acknowledged that, under section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)), a plaintiff "may commence a new action" within one year after taking a voluntary dismissal, even if the statute of limitations has run. However, defendant noted that the complaint in case number 18-L-11146 was not filed until approximately five months after the expiration of the one-year period. Thus, defendant asserted the new lawsuit had to be dismissed.

¶ 11    In addition, defendant maintained that section 13-217 did not permit plaintiff's filing on April 23, 2018, because that filing was not a new action or lawsuit but, rather, an attempt to reinstate the original lawsuit in case number 14-L-11428. According to defendant, section 13-217 simply had no bearing on the attempted reinstatement.

¶ 12    A hearing was held on defendant's motion, during which the parties recounted the foregoing, undisputed facts. At the conclusion of the hearing, the circuit court denied defendant's motion to dismiss, stating:

> "Well, let me make the following record.
>
> Typically, in these cases when there is a voluntary non-suit in this community, as far as I've seen, there's two ways in which a case can be reinstated based upon a voluntary non-suit.
>
> One is the refiling of the lawsuit with a new number with new summons to issue, new fees to be paid, and the other instance is when someone before the one-year Statute has run moves to reinstate the claim because a voluntary non-suit is not a Final Order.
>
> Now, in this case the plaintiff did file under the old number and put on its documentation that it was trying to reinstate the claim. Subsequently and after the Statute had run, plaintiff did file a new action.
>
> Under these circumstances, I will deny the defendant's Motion to Dismiss and set this over for a date certain.

And if the defendant wants to file for [Illinois Supreme Court Rule] 308 language stating that this is an issue of law that needs to be decided, I will entertain that motion. And if it is taken up by the Appellate Court, I will stay this case.

[DEFENSE COUNSEL]: Okay, your Honor.

But I do think we need some clarity here on the methods under which a case should be refiled and that is how I'll handle it."

¶ 13   The circuit court did not offer any additional explanation for its ruling and did not further identify the basis on which the complaint in case number 18-L-11146, filed on October 15, 2018, was allowed to go forward. Defendant, proceeding under the assumption that the court had concluded that plaintiff's filing on April 23, 2018, was permitted by section 13-217 and that this, in turn, validated the filing on October 15, 2018, thereafter requested certification of the following question under Illinois Supreme Court Rule 308 (eff. July 1, 2017):

"Whether refiling a complaint in a previously dismissed lawsuit as opposed to filing a new action satisfies the language of 735 ILCS 5/13-217, which states a plaintiff may commence a new action after the case is voluntarily dismissed pursuant to 735 ILCS 5/2-1009."

The circuit court granted defendant's motion for certification, and the appellate court granted leave to appeal.

¶ 14   On appeal, the appellate court answered the certified question "no." 2020 IL App (1st) 191369. The appellate court held that section 13-217 does not permit a plaintiff to file a previously dismissed action under its original case number. In so holding, the appellate court focused on the meaning of the phrase "may commence a new action" set forth in section 13-217. The court concluded:

"The phrase 'may commence a new action' is unambiguous. 'New' denotes a new case number, a new filing fee, and a new summons to issue. Had the legislature intended to allow a plaintiff to file an action after a dismissal under the old case number, it would have so provided and would not have used the words 'new action' in section 13-217." *Id.* ¶ 12.

¶ 15    The appellate court noted that its conclusion was consistent with *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 48, in which this court stated that "[a] refiled action pursuant to section 13-217 is not a restatement of the old action, but an entirely new and separate action." The appellate court went on to note that courts have "traditionally found a distinction between original and refiled actions when considering section 13-217." 2020 IL App (1st) 191369, ¶ 13 (citing *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 504 (1997) ("The original and refiled actions are completely distinct actions."), *Wilson v. Brant*, 374 Ill. App. 3d 306, 311 (2007) (the commencement of a new action under section 13-217 is not a "re-commencement" of the original action), and *Ramos v. Kewanee Hospital*, 2013 IL App (3d) 120001, ¶ 85 (same)).

¶ 16    Because case number 18-L-11146 was untimely filed and because plaintiff's filing on April 23, 2018, was not a new action within the meaning of section 13-217, the appellate court reversed the circuit court's ruling denying defendant's motion to dismiss and ordered the dismissal of case number 18-L-11146 with prejudice. *Id.* ¶ 16. This appeal followed. Ill. S. Ct. R. 315 (eff. Oct. 1, 2019).

¶ 17                                    ANALYSIS

¶ 18    A certified question under Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016) presents a question of law, which we review *de novo*. *Bowman v. Ottney*, 2015 IL 119000, ¶ 8. In addition, although our review under Rule 308 will generally be confined to the certified question, "[i]n the interests of judicial economy and the need to reach an equitable result," we may also consider the correctness of the underlying order that gave rise to the appeal. *People ex rel. Madigan v. Wildermuth*, 2017 IL 120763, ¶ 11.

¶ 19    The certified question in this case asks us to construe the meaning of section 13-217 of the Code. Our primary objective when construing a statute is to ascertain and give effect to the intent of the legislature. *Van Dyke v. White*, 2019 IL 121452, ¶ 46. The most reliable indicator of legislative intent is the plain and ordinary meaning of the statutory language. *Id.* When construing statutory language, we view the statute in its entirety, construing words and phrases in light of other relevant statutory provisions and not in isolation. *Id.*

¶ 20    Section 13-217 operates as a "savings statute" (*S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497 (1998)), that allows a plaintiff to refile a cause of action within one year following the entry of certain dismissal orders or within the remaining period of limitations, whichever is greater. Section 13-217 provides:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** *the action is voluntarily dismissed by the plaintiff*, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** *may commence a new action within one year* *** after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue." (Emphases added.) 735 ILCS 5/13-217 (West 1994).

¶ 21    Here, as the appellate court correctly observed, the phrase "may commence a new action" is unambiguous. The phrase denotes a new case number, a new filing fee, and a new summons to issue. Indeed, were we to conclude otherwise and hold that a complaint with no changes whatsoever—no new case number, no new fee, no new summons—is in fact a "new action," we would render the word "new" meaningless. This, of course, we cannot do. *Van Dyke*, 2019 IL 121452, ¶ 46 ("No part of a statute should be rendered meaningless or superfluous.").

¶ 22    This plain and ordinary understanding of what it means for a plaintiff to commence a "new action" is confirmed when it is considered in context with the process of reinstating a complaint following a voluntary dismissal order. At common law in Illinois, once a court had entered a voluntary dismissal order, the court could not entertain a motion to vacate the dismissal and reinstate the complaint, unless at the time of dismissal the court had granted leave to set it aside. *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541 (1916). The reason for this rule, it was said, was that a plaintiff who "deliberate[ly] and voluntar[ily]" secures the dismissal of his suit "must be held to have anticipated the effect and necessary

results of this action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew." *Id.* at 543.

¶ 23    In *Hawes v. Luhr Brothers, Inc.*, 212 Ill. 2d 93 (2004), this court concluded that the common-law rule had been superseded by section 2-1203(a) of the Code (735 ILCS 5/2-1203(a) (West 2014)). Section 2-1203(a) provides:

"In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." *Id.*

¶ 24    *Hawes* held that an order allowing a voluntary dismissal is a final judgment for purpose of section 2-1203(a). *Hawes*, 212 Ill. 2d at 105-06. Section 2-1203(a) thus grants a plaintiff the right to file a motion to vacate a voluntary dismissal order and reinstate the case up to 30 days after the date of the dismissal order, which the circuit court has the discretion to grant or deny. *Id.* A circuit court may also extend the 30-day deadline for filing a motion, so long as the extension is granted within the initial 30-day timeframe. If neither of these things occur and if there are no other conditions in the dismissal order, the circuit court loses jurisdiction over the case 30 days after the voluntary dismissal order is entered. *Rehabilitation Consultants for Industry, Inc. v. Nowak*, 259 Ill. App. 3d 725, 729 (1994); see also, *e.g.*, *People v. Bailey*, 2014 IL 115459, ¶ 8 ("Under our usual rules, a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment."). At that point, the court may no longer entertain any request for reinstatement or other relief under section 2-1203(a).

¶ 25    Section 2-1203(a) governs the process of reinstating a complaint following a voluntary dismissal order. Section 13-217 does not. By its plain terms, section 13-217 does not alter the scope or application of section 2-1203(a) and, importantly, does not eliminate the rule that the circuit court loses jurisdiction 30 days after the entry of a voluntary dismissal order is entered if no postjudgment motion is filed. This fact underscores why the term "new action" in section 13-217 means a new complaint, with a new case number. A plaintiff who wishes to take advantage of section 13-217 more than 30 days after the entry of a voluntary dismissal order when no postjudgment motion has been filed will necessarily have to file a new

complaint because the circuit court no longer has jurisdiction over the original case. To hold that such a plaintiff could invoke section 13-217 by simply refiling the original complaint would mean that section 13-217 requires the circuit court to accept a filing in a case in which it no longer has jurisdiction. We decline to read section 13-217 in this way.

¶ 26    Plaintiff does not contest this general understanding of the working of section 13-217 and in fact expressly acknowledges that "[s]ection 13-217 pertains to refiling; it does not apply to reinstatement." Nevertheless, plaintiff contends that the appellate court erred in its interpretation of section 13-217 and that its decision must therefore be reversed. In support of this contention, plaintiff first maintains that his filing on April 23, 2018, was "merely a reinstatement of the case as contemplated by the Circuit Court's voluntary dismissal order" and was not an attempt to file a new lawsuit as permitted by section 13-217. He then asserts that the appellate court incorrectly held that he was prohibited from seeking reinstatement on April 23, 2018. More specifically, plaintiff contends that the appellate court, in answering the certified question, incorrectly held that reinstatement was foreclosed as an option by section 13-217 and that the only way he could continue to pursue his cause of action was by filing a new lawsuit. According to plaintiff, the appellate court's interpretation of section 13-217

> "effectively bars Circuit Courts from retaining jurisdiction to reopen a case, even one where leave to reinstate the complaint is granted in the dismissal order, as here. The result is that Section 13-217 becomes a jurisdictional limit on the powers of every circuit court in this state, which expands it far beyond its intended scope."

¶ 27    Contrary to plaintiff's contentions, the appellate court did not hold that he was prohibited from pursuing reinstatement of his original case on April 23, 2018, or that section 13-217 provides the only means of continuing to pursue a cause of action following a voluntary dismissal order. This case was appealed to the appellate court under Illinois Supreme Court Rule 308 (eff. July 1, 2017). Such an appeal is limited, bringing before the appellate court for review only the question that is certified and, in appropriate circumstances, the underlying interlocutory order that gave rise to the question. *De Bouse v. Bayer Ag*, 235 Ill. 2d 544, 558 (2009). The certified question at issue in this appeal does not raise any issue

regarding reinstatement or the meaning and operation of section 2-1203(a). Instead, it asks only whether the "new action" permitted by section 13-217 requires a new case number, filing fee, and summons. Appropriately, the appellate court did not address principles of reinstatement, nor did it discuss the language of the circuit court's order of dismissal or whether that order permitted plaintiff to seek reinstatement of his original complaint on April 23, 2018. Indeed, the appellate court was careful to note that the only legal issue before it was the certified question and that, while plaintiff had raised additional issues in his brief, it would not go beyond the certified question to address other matters. 2020 IL App (1st) 191369, ¶ 10 n.2.

¶ 28        Given the plain meaning of the phrase "commencing a new action" and the interaction between section 2-1203(a) and section 13-217, the appellate court correctly answered the certified question "no." A plaintiff commencing a new action under section 13-217 must file a new lawsuit, with a new case number, filing fee, and summons. In addition, because plaintiff's filing on April 23, 2018, was not a new action within the meaning of section 13-217 and because case number 18-L-11146 was untimely filed, the appellate court was correct to reverse the circuit court's ruling denying defendant's motion and order the dismissal of case number 18-L-11146 with prejudice. The appellate court lacked authority to go beyond these issues and determine whether plaintiff's filing on April 23, 2018, was a proper reinstatement of case number 14-L-11428 under section 2-1203(a) of the Code.

¶ 29        However, our analysis does not end here. While the appellate court could not address matters beyond the certified question and the circuit court's order denying defendant's motion to dismiss in case number 18-L-11146, this court may. Article VI, section 16, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 16) vests this court with general administrative and supervisory authority over the Illinois judicial system. This authority is unlimited in extent and "is bounded only by the exigencies which call for its exercise." *In re Estate of Funk*, 221 Ill. 2d 30, 97-98 (2006). Although expansive, our supervisory authority is invoked with restraint. Supervisory orders are used only in exceptional circumstances, where "the normal appellate process will not afford adequate relief and the dispute involves a matter important to the administration of justice." *People ex rel. Birkett v. Bakalis*, 196 Ill. 2d 510, 513 (2001). This is such a situation.

¶ 30    As the circuit court noted, plaintiff was "trying to reinstate" case number 14-L-11428 with his filing on April 23, 2018. However, instead of filing a motion to vacate the voluntary dismissal order and reinstate his complaint, as called for by section 2-1203(a) of the Code, he simply filed a notice of reinstatement. This action is understandable, though, given the language of the circuit court's dismissal order.

¶ 31    The voluntary dismissal order entered by the circuit court is unusual. It does not state that plaintiff was granted leave *to file a motion* to vacate and seek reinstatement within one year of the date of the order. Rather, the order states that plaintiff was granted "leave to reinstate" within one year of the date of the order. As plaintiff puts it, the dismissal order "preemptively" granted him leave to reinstate, such that all he needed to do to recommence his cause of action was to file a notice of reinstatement. Plaintiff's filing on April 23, 2018, was thus in conformance with the terms of the dismissal order. From plaintiff's perspective, on April 23, 2018, he did not need to file a motion to vacate the order of dismissal or seek leave to reinstate because he had already been granted such leave 11 months earlier, in the voluntary dismissal order itself. And this point was seemingly confirmed by the clerk of the circuit court, which accepted plaintiff's filing.

¶ 32    We believe it is unreasonable to penalize plaintiff for complying with an order of the circuit court. Accordingly, given the unique circumstances presented here and in furtherance of the goal of having the case decided on the merits, in the exercise of our supervisory authority we will treat plaintiff's filing on April 23, 2018, as a motion to vacate the order of voluntary dismissal and reinstate case number 14-L-11428 that was granted by the circuit court.

¶ 33    In taking this action, we further note that the circuit court clearly intended to extend plaintiff's time for seeking reinstatement (as was confirmed by the court's statements during the hearing on defendant's motion to dismiss) and that the one-year extension granted in this case was no greater than the one-year period for filing new actions permitted by section 13-217. In addition, plaintiff did not abuse the reinstatement process. He received only one extension of time, and there is nothing in the record to suggest that any of plaintiff's actions were undertaken for duplicitous reasons. Moreover, defendant has not suggested she would be prejudiced if plaintiff's attempted reinstatement of case number 14-L-11428 were to be given effect.

¶ 34          CONCLUSION

¶ 35          The appellate court correctly answered the certified question "no" and correctly reversed the circuit court's order denying defendant's motion to dismiss in case number 18-L-11146. The judgment of the appellate court is therefore affirmed. In the exercise of this court's supervisory authority, this cause is remanded to the circuit court with directions to reinstate case number 14-L-11428, *nunc pro tunc*, to April 23, 2018.

¶ 36          Appellate court judgment affirmed.

¶ 37          Cause remanded with directions.