# Illinois Official Reports

## Appellate Court

---

### *Khan v. Fur Keeps Animal Rescue, Inc.*, 2021 IL App (1st) 182694

---

| | |
|---|---|
| Appellate Court Caption | SARFARAZ KHAN, Plaintiff-Appellant, v. FUR KEEPS ANIMAL RESCUE, INC., Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>No. 1-18-2694 |
| Filed | June 30, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2017-CH-17190; the Hon. Michael T. Mullen, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part. |
| Counsel on Appeal | Sarfaraz Khan, of Hoffman Estates, appellant *pro se*.<br><br>Anna Morrison-Ricordati, of AMR Law Group, LLC, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Justices Reyes and Martin concurred in the judgment and opinion. |

**OPINION**

¶ 1        In this appeal, Sarfaraz Khan, a *pro se* plaintiff, appeals the dismissal of his lawsuit pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2018)). For the following reasons, we affirm the section 2-615 dismissal but reverse the section 2-619 dismissal and remand for further proceedings.

¶ 2                                                          BACKGROUND
¶ 3                                              I. Third Amended Complaint
¶ 4        At issue on appeal is plaintiff's third amended complaint, filed on July 22, 2018. In this complaint, plaintiff alleges two counts against defendant Fur Keeps Animal Rescue, Inc.: (1) breach of an oral contract and (2) promissory estoppel. The complaint alleges the following facts.

¶ 5        Plaintiff is a resident of Hoffman Estates in Cook County, and defendant is an animal shelter in Barrington Hills and Hoffman Estates. Both villages are located in Cook County.

¶ 6        On May 24, 2016, plaintiff "helped rescue a cat that was found by his home." Plaintiff alleges that he "rescued the cat for [d]efendant and expected to have an opportunity to adopt the cat when he turned the cat over to [d]efendant." "The cat was then taken to an animal hospital and then transferred to [d]efendant Fur Keeps[ ]." Plaintiff does not allege that he paid any funds to the animal hospital or that he objected to the transfer of the cat either to the animal hospital or subsequently to defendant.

¶ 7        Plaintiff alleges that he "developed a strong emotional connection with the cat and expressed [a] strong interest in adopting the animal when the cat became available for adoption." Plaintiff expressed his interest "in adopting the cat to several of the [d]efendant's employees." In return, they "promise[d]" him that he would be notified when the cat became available "so that he could adopt" it.

¶ 8        Plaintiff does not allege he had an ownership interest in the cat; rather, he expressed a desire to become the owner, sometime in the future, when the cat became available for adoption. Plaintiff "continually checked on the status of the cat." On July 9, 2016, plaintiff went to defendant's "place of business" and "spoke to Gloria Divierto, one of the [d]efendant's employees," who stated that she would call plaintiff to let him know when the cat became available. Plaintiff alleges that "Divierto shook [plaintiff's] hand in agreement," but he was never contacted.

¶ 9        On July 16, 2016, when plaintiff "went to check on the cat," Divierto insisted that he leave, without providing a reason. Over a year later, on December 9, 2017, Divierto informed plaintiff that defendant "would not allow [plaintiff] to adopt or foster any of their animals including the cat he helped rescue."

¶ 10      Plaintiff alleges that, in "reliance" on defendant's "promise," he "developed an[ ] increasing emotion[al] attachment to the cat and expected phone calls from" defendant's employees which never came. His complaint alleges breach of an oral contract, detrimental reliance, and promissory estoppel. In relief, he prays that the court "[g]rant [him] the ability to adopt the cat that he rescued" or "[a]ny other relief this Court considers just."

¶ 11                                    II. Defendant's Motion to Dismiss

¶ 12        On July 10, 2018, defendant moved to dismiss plaintiff's third amended complaint pursuant to both sections 2-615 and 2-619 of the Code.

¶ 13        Pursuant to section 2-615, defendant argued, first, that plaintiff failed to state a claim for breach of an oral contract because he failed to allege facts demonstrating an offer, an acceptance, or consideration. With respect to consideration, defendant argued that plaintiff did not allege either an ownership interest in the cat or the payment of any funds to either defendant or the animal hospital for medical expenses or adoption fees. With respect to offer and acceptance, defendant argued that plaintiff did not allege that defendant made any promises to defendant at the time that the cat was transferred to the animal hospital or transferred by the hospital to defendant. Defendant argued, second, that plaintiff failed to state a claim for promissory estoppel because plaintiff alleges a promise to perform future acts, without consideration showing a duty to perform.

¶ 14        Pursuant to section 2-619, defendant argues (1) that plaintiff lacked standing to sue because he failed to allege an ownership interest in the cat and (2) that plaintiff had sued the incorrect party because Donna Leetz, an unpaid volunteer working for defendant, assumed ownership of the cat, as well as financial responsibility for medical care and treatment of the cat, in her individual capacity, and then privately allowed the adoption of the cat by another person. Defendant claimed that the adoption was not handled by or through defendant but privately by Leetz. An affidavit from Leetz, which defendant attached in support, averred that she was "an unpaid volunteer" for defendant but that "not all of [her] rescue work is done in [her] capacity as a volunteer" for defendant. However, her affidavit did *not* aver that she assumed ownership of the cat, that she assumed financial responsibility for it, that she acted solely in her individual capacity with respect to this particular cat, or that the adoption was a private one.

¶ 15        Attached to defendant's dismissal motion was a sample of a "Fur Keeps Animal Rescue, Inc. Adoption Application." The application states: "All potential adoptive families must complete our adoption screening process which includes an adoption form and contract; personal reference check; and home visit."[1]

¶ 16        On September 10, 2018, the trial court issued a short written order that granted, with prejudice, defendant's motion to dismiss count I (breach of oral contract), pursuant to section 2-615. The order observed that: "This count was decided without reference to any affidavits or attachments to the motion pleadings." Second, the court denied defendant's motion to dismiss count II (promissory estoppel) pursuant to section 2-615 and scheduled an evidentiary hearing to consider testimony and other submissions pursuant to section 2-619. The evidentiary hearing was set for two months later, on November 20, 2018.

¶ 17        The appellate record does not include a transcript or bystander's report of the ensuing hearing. The trial court, however, reported who testified at the hearing and made findings of fact in a written order. Normally, without a transcript or bystander's report, it would be difficult for us to review the trial court's decision on this type of motion. The burden is on the appellant to provide this court with "a sufficiently complete record" such that we could rule in his favor. *E.g.*, *Whitmer v. Munson*, 335 Ill. App. 3d 501, 511 (2002). However, we will decide this

---

[1]Plaintiff's complaint does not allege that he filled one out.

appeal based on plaintiff's complaint and the trial court's written order, as there is sufficient information in the trial court's order.

¶ 18 According to the written order, plaintiff appeared *pro se*, and defendant appeared through counsel at the evidentiary hearing on November 20, 2018. In support of its 2-619 motion, defendant presented the testimony of (1) Dr. Debra Rykoff, its corporate representative; (2) Donna Leetz; and (3) Gloria Divierto. Plaintiff alleges in his complaint that Leetz and Divierto were "[d]efendant's employees." With respect to Leetz, plaintiff alleges that he spoke to her on June 2, 2016, and that she "stated that she would call [plaintiff] to let him know when the cat he helped rescue would be available for adoption." With respect to Divierto, plaintiff alleges that, on July 9, 2016, she "stated that she would call [plaintiff] to let him know when the cat would be available for adoption" and that she "shook [plaintiff's] hand in agreement." The trial court's written order indicates that plaintiff cross-examined each witness and testified himself.

¶ 19 After listening to the testimony presented, the trial court made the following findings:

> "Based upon the testimony of each witness and the evidence submitted, the Court concludes that at no time did any representative of [defendant] ever tell and/or promise [plaintiff] directly or indirectly, that they would let him know when the cat would be available for adoption. The Court also concludes that at no time did any representative of [defendant] ever tell and/or promise [plaintiff] directly or indirectly that they would call him to notify him when the cat would be available for adoption. The Court further concludes that at no time did [plaintiff] ever inform any representative of [defendant] that he had any interest in adopting the cat. The Court has specifically concluded that [plaintiff] was never promised anything at any time by any representative of [defendant]. Finally, the Court concludes that as [plaintiff] was never promised anything at any time by any representative of [defendant], [plaintiff] never relied upon any such promise as no such promise has been made. Further, [plaintiff] could not have relied to his detriment upon any such promise as no such promise has been made."

¶ 20 In order to prove promissory estoppel, the trial court observed that plaintiff would have to establish certain elements, including, first of all, a promise. The trial court dismissed the remaining promissory estoppel count pursuant to section 2-619, finding: "It is clear in light of the Court's findings that no promise was ever made. Therefore, [plaintiff] could never support Count II." The trial court also denied plaintiff's discovery requests.

¶ 21 On December 19, 2018, plaintiff filed a timely notice of appeal, and this appeal followed.

¶ 22 ANALYSIS
¶ 23 I. Section 2-615
¶ 24 The trial court dismissed plaintiff's first count pursuant to section 2-615. Dismissal pursuant to section 2-615 is proper only if the defect with the count is apparent on the face of plaintiff's complaint. *Young v. Bryco Arms*, 213 Ill. 2d 433, 440 (2004). The question is whether, even assuming that all well-pleaded facts in the complaint are true, does the complaint state a legally recognized cause of action. *Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003). In making this determination, a court will construe the complaint's allegations in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Young*, 213 Ill. 2d at 441; *Wakulich*, 203 Ill. 2d at 228.

¶ 25    An appellate court reviews *de novo* a trial court's order granting a section 2-615 dismissal motion. *Young*, 213 Ill. 2d at 440. *De novo* review means that we perform the same analysis that at trial judge would perform. *Mullins v. Evans*, 2021 IL App (1st) 191962, ¶ 25. In addition, we may affirm on any basis appearing in the record, whether or not the trial court relied on that basis and whether or not the trial court's reasoning was correct. *Mullins*, 2021 IL App (1st) 191962, ¶ 25.

¶ 26    Count I alleged breach of an oral contract. Oral agreements are binding so long as there is an offer, acceptance, and consideration showing a meeting of the minds as to the terms of the agreement. *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 46. "The essential elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract, (2) performance by the plaintiff, (3) [a material] breach by the defendant, and (4) resultant injury to the plaintiff." *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2016 IL App (1st) 142754, ¶ 85.

¶ 27    "A legally enforceable contract is an exchange, and the elements of a contract include offer, acceptance, and consideration." *Vassilkovska v. Woodfield Nissan, Inc.*, 358 Ill. App. 3d 20, 26 (2005). " 'It is a basic tenet of contract law that in order for a promise to be enforceable against the promisor, the promisee must have given some consideration for the promise.' " *Vassilkovska*, 358 Ill. App. 3d at 26 (quoting *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997)). "Consideration is defined as a bargained-for exchange, whereby the promisor *** receives some benefit, or the promisee *** suffers detriment." *Vassilkovska*, 358 Ill. App. 3d at 26.

¶ 28    In the case at bar, the alleged promisor is defendant, and the alleged promisee is plaintiff. Viewing the allegations in the light most favorable to plaintiff, we cannot discern from the face of the complaint what the consideration was, at the moment the alleged contract was made. Plaintiff alleges that he "rescued the cat for defendant" and that, in return, he "expected to have an opportunity to adopt the cat." Plaintiff, however, does not allege that he would not have otherwise rescued the cat or that he would not have otherwise transferred the cat for veterinary care if defendant had not promised him the opportunity to adopt the cat. Nor does he allege that defendant agreed to allow him to adopt the cat if he rescued the cat for them. Thus, he suffered no detriment when the alleged "bargained-for exchange" occurred. *Vassilkovska*, 358 Ill. App. 3d at 26. In addition, defendant—rather than receiving a benefit—assumed the responsibility for the care of the cat—a responsibility that plaintiff himself, by his own allegations, relinquished at that time.

¶ 29    Further, plaintiff alleges no ownership interest in the cat and no payment of funds by him either to the hospital for veterinary care or to defendant for adoption fees. Plaintiff's allegation that he hoped to become an owner in the future establishes that he had no ownership interest in the cat at the time the rescue occurred.

¶ 30    In his brief to this court, plaintiff argues that defendant and defendant's witnesses lied at the evidentiary hearing. However, the testimony at the section 2-619 evidentiary hearing had no effect on the trial court's earlier dismissal pursuant to section 2-615. When dismissing pursuant to section 2-615, the trial court's written order stated: "This count was decided without reference to any affidavits or attachments to the motion pleadings."

¶ 31    For the foregoing reasons, we affirm the trial court's dismissal of plaintiff's breach of contract claim pursuant to section 2-615.

¶ 32                              II. Section 2-619

¶ 33       The trial court dismissed plaintiff's second count pursuant to section 2-619. "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006); *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006). "[T]he movant is essentially saying ' "Yes, the complaint was legally sufficient, but an affirmative matter exists that defeats the claim." ' " *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 31 (quoting *Winters v. Wangler*, 386 Ill. App. 3d 788, 792 (2008)). Dismissal is permitted based on certain listed "defects" (735 ILCS 5/2-619(a)(1)-(8) (West 2018)) or some "other affirmative matter" (735 ILCS 5/2-619(a) (9) (West 2018)) outside the complaint. *Reynolds*, 2013 IL App (4th) 120139, ¶ 31.

¶ 34       With a section 2-619 dismissal, our standard of review is *de novo*. *Solaia Technology*, 221 Ill. 2d at 579. *De novo* review means that we perform the same analysis a trial court would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). "Under the *de novo* standard of review, this court owes no deference to the trial court." *People v. Williams*, 2013 IL App (1st) 111116, ¶ 75 (citing *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 154 (2007)). In ruling on a section 2-619 motion to dismiss, a court must interpret the pleadings and supporting materials in the light most favorable to the nonmoving party. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003). "Additionally, as with a section 2-615 dismissal, even if the trial court dismissed on an improper ground, a reviewing court may affirm the dismissal if the record supports a proper ground for dismissal" under section 2-619. *Mullins*, 2021 IL App (1st) 191962, ¶ 59.

¶ 35       For a motion to be properly brought under section 2-619, the motion (1) must be filed "within the time for pleading" and (2) must concern one of the nine listed grounds. 735 ILCS 5/2-619(a) (West 2018). In the case at bar, there is no indication that defendant failed to file a timely motion, so we turn to the grounds defendant claimed.

¶ 36       A section 2-619 motion is permitted on only one of the following grounds:

          "(1) That the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction.

          (2) That the plaintiff does not have legal capacity to sue or that the defendant does not have legal capacity to be sued.

          (3) That there is another action pending between the same parties for the same cause.

          (4) That the cause of action is barred by a prior judgment.

          (5) That the action was not commenced within the time limited by law.

          (6) That the claim set forth in the plaintiff's pleading has been released, satisfied of record, or discharged in bankruptcy.

          (7) That the claim asserted is unenforceable under the provisions of the Statute of Frauds.

          (8) That the claim asserted against defendant is unenforceable because of his or her minority or other disability.

(9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a) (West 2014).

¶ 37 Pursuant to section 2-619, defendant claimed (1) that plaintiff lacked standing and (2) that plaintiff had sued the wrong party.

¶ 38 Illinois courts have repeatedly held that a lack of standing qualifies under the ninth listed ground: an "affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2-619(a)(9) (West 2014)). *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999); see also *Reynolds*, 2013 IL App (4th) 120139, ¶ 33 ("plaintiff's lack of standing is a proper affirmative matter pursuant to section 2-619(a)(9)"); *River Plaza Homeowner's Ass'n v. Healey*, 389 Ill. App. 3d 268, 276 (2009); *Poulet v. H.F.O., L.L.C.*, 353 Ill. App. 3d 82, 89-90 (2004).[2] Since lack of standing is an affirmative defense, the burden of pleading and proving the defense is on the party asserting it. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010). Thus, defendant's claim regarding standing is the proper subject of a section 2-619 motion, and the burden falls on defendant to prove it.

¶ 39 As to defendant's second claim, defendant argued in its section 2-619 motion that, although Leetz is an unpaid volunteer who works regularly for it, defendant was not liable for her actions, in this particular instance, because Leetz acted on her own and not on behalf of defendant.

¶ 40 With this claim, the issue, as framed by defendant, is whether Leetz was acting as an agent for defendant and whether defendant is responsible for her actions and for the actions of Divierto, who were both named in plaintiff's complaint. This issue goes to the very heart of what plaintiff needs to prove to succeed on his promissory estoppel claim—namely, whether defendant or those acting on behalf of defendant made a promise. *E.g.*, *Centro Medico Panamericano, Ltd. v. Benefits Management Group, Inc.*, 2016 IL App (1st) 151081, ¶ 25 (first element of promissory estoppel is a promise made by defendant).

¶ 41 An affirmative matter under section 2-619 is a defense *other than* the negation of an essential allegation of the plaintiff's complaint. *Reynolds*, 2013 IL app (4th) 120139, ¶ 33; *In re Marriage of Vaughn*, 403 Ill. App. 3d 830, 837 (2010). Evidence that merely refutes an ultimate fact pleaded in the plaintiff's complaint is not an affirmative matter and not the proper subject of a section 2-619 motion. *Reynolds*, 2013 IL App (4th) 120139, ¶ 34; *A.F.P. Enterprises, Inc. v. Crescent Park, Inc.*, 243 Ill. App. 3d 905, 912 (1993). If a defendant wants to rebut a complaint's essential factual allegations, the proper vehicle is a summary judgment motion, not a section 2-619 motion. *Reynolds*, 2013 IL App (4th) 120139, ¶ 34.

¶ 42 Thus, defendant's claim that it was not a proper party was not properly brought under section 2-619. In addition, defendant does not raise this issue in its appellate brief, and defendant provided no citations to support this claim in its brief in the court below. Points not argued and not supported are waived for our consideration. *E.g.*, *Lozman v. Putnam*, 379 Ill. App. 3d 807, 824 (2008).

¶ 43 Turning to the standing claim that was properly brought in a section 2-619 motion, we observe that the trial court made no ruling about it at the end of the evidentiary hearing, and

---

[2]"Because lack of standing is an affirmative defense, it must be raised in a motion to dismiss brought pursuant to section 2-619(a)(9) of the Code, and not in a section 2-615 motion." *Clarke v. Community Unit School District 303*, 2012 IL App (2d) 110705, ¶ 36.

defendant offered no arguments about it on appeal. Thus, this issue is also waived for our consideration. *E.g.*, *Lozman v. Putnam*, 379 Ill. App. 3d 807, 824 (2008).

¶ 44 The trial court dismissed plaintiff's promissory estoppel claim under section 2-619 on the ground that no promise was made. The trial court made this factual finding after holding an evidentiary hearing and making credibility determinations regarding the witnesses, which this court cannot make under the facts and claims in this case. In support of its authority to hold such a hearing under section 2-619, rather than waiting for a trial, the trial court observed that a 2-619 evidentiary hearing is permitted when neither party has made a jury demand and disputed questions of fact are present. See *A.F.P. Enterprises, Inc.*, 243 Ill. App. 3d at 912. However, that is true when the disputed question is properly the subject of a section 2-619 motion in the first place. *A.F.P. Enterprises, Inc.*, 243 Ill. App. 3d at 912; see also *Reynolds*, 2013 IL App (4th) 120139, ¶ 34. Dismissal under section 2-619 robs the plaintiff of the ability both to obtain discovery on substantive issues and to view the defendant's answer to determine defendant's defenses, since it occurs at such an early stage of the litigation—before the defendant has even filed an answer. See 735 ILCS 5/2-619 (West 2018) (motion is filed by defendant "within the time for pleading"). For these reasons, it is permitted only on limited grounds, and it is not allowed if the claimed affirmative matter is merely a refutation of plaintiff's ultimate allegations. *Supra* ¶¶ 34, 39.

¶ 45 Since the properly brought issue of standing was waived when defendant failed to obtain a ruling on its motion on this ground, we reverse the section 2-619 dismissal and remand for further proceedings consistent with this opinion.

¶ 46                                                                CONCLUSION

¶ 47 For the foregoing reasons, we affirm the trial court's dismissal of count I pursuant to section 2-615 but reverse the dismissal of count II pursuant to section 2-619 and remand for further proceedings consistent with this opinion.

¶ 48 Affirmed in part and reversed in part.