2024 IL App (1st) 221578-U

No. 1-22-1578

Order filed March 5, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE CITY OF CHICAGO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 M1 402735 |
| | ) | |
| MARY GIPSON, OZAY MCNEELY, and ALL | ) | |
| UNKNOWN OWNERS AND NON-RECORD | ) | |
| CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Agwu Mong, | ) | Honorable |
| | ) | Patrice Ball-Reed, |
| Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court's judgment is affirmed where defendant failed to provide a sufficiently complete record on appeal from which error can be determined.

¶ 2    Defendant Agwu Mong appeals *pro se* from two orders of the circuit court. One order denied his motion requesting the court to "return funds for taxes redeemed," and the other order is not included in the record on appeal. On appeal, Mong requests this court to dismiss the underlying circuit court proceedings due to "factual and law discrepancies and or return funds [defendant] used to pay taxes." We affirm.

¶ 3    This appeal arises from three consolidated cases in the municipal department of the Cook County Circuit Court involving a property located at 5415 West Rice Street in Chicago (property), trial court case numbers 17 M1 403351, 17 M1 402735, and 17 M1 720338. The record on appeal lacks a report of proceedings or substitute therefor. We adopt the following relevant facts and procedural history from our previous orders involving the property and the two volumes of common law record. See *City of Chicago v. Gipson*, 2019 IL App (1st) 173161-U; see also *City of Chicago v. Gipson*, 2022 IL App (1st) 210071-U.

¶ 4    Mary Gipson and Ozay McNeely owned the property as joint tenants until Gipson's death in 2014. After Gipson's death, McNeely relocated to Tennessee. Although McNeely owned the property outright, he claimed no interest in the property, believing it to be vacant and that "nobody [was] supposed to be in it." Mong held himself out as the property manager and claimed exclusive control over the property after Gipson's death.[1]

¶ 5    On September 27, 2017, the City of Chicago (City) filed a complaint in case number 17 M1 402735 against defendants Gipson, McNeely, and unknown owners and non-record claimants, as owners of the property, alleging multiple violations of the Municipal Code of the City of

---

[1] In an April 2021 order, the circuit court noted that McNeely testified during proceedings on February 18, 2018, that he did not have a contract with Mong and had not authorized him to manage the property.

Chicago (Code). The City requested that defendants be fined and sought temporary and permanent injunctions, the property to be declared abandoned with a judicial deed awarded to the City, and the appointment of a receiver.

¶ 6     On November 29, 2017, the City filed a complaint in case number 17 M1 403351 against the defendants and Mong, whose name was handwritten on the complaint as a defendant and identified as the "Agent of Owner." The City alleged additional violations of the Code, including failure to supply heat or hot water to tenants due to the property's gas service being shut off. The City requested the same relief as in the initial complaint. The third action, case number 17 M1 720338, involved an eviction proceeding, which was ultimately dismissed and is not relevant to the issue on appeal.

¶ 7     The circuit court consolidated the cases, and the City filed two amended consolidated complaints alleging Code violations.

¶ 8     On November 30, 2017, following a hearing, the circuit court appointed a temporary heat receiver. Mong appealed and this court dismissed for lack of jurisdiction. *Gipson*, 2019 IL App (1st) 173161-U.

¶ 9     On December 21, 2017, the court ordered, *inter alia*, that Mong was not permitted on the property until further order of the court due to a dispute with a tenant. Mong filed a motion to vacate the receivership and the December 21, 2017, order not allowing him on the property. The circuit court denied the motion, acknowledging that the portion of the motion requesting to vacate the December 21, 2017, order not permitting him on the property was moot because the tenant had vacated the property. The court also ruled that it would not discharge the receiver unless Mong

provided proof that he or someone else would pay the utilities and an inspection confirmed that the heat and hot water were functioning.

¶ 10    On December 10, 2019, the circuit court stayed a finding of indirect civil contempt against Mong and ordered him to "redeem all outstanding property taxes and provide proof to the court." The record contains a Certificate of Deposit for Redemption reflecting that the taxes were redeemed on March 5, 2020, "sold to" Midwestern Investors LLC "on behalf of" Mong and "deposit made by" McNeely.

¶ 11    On December 9, 2020, Mong filed a notice of appeal from orders entered by the circuit court on December 3, 2020, which are not relevant to the issue on appeal. In 2022, we dismissed Mong's appeal for lack of jurisdiction. *Gipson*, 2022 IL App (1st) 210071-U.

¶ 12    On April 6, 2021, after taking testimony and hearing evidence, the court granted the City's motion to vacate the property, noting that it granted Mong "numerous lengthy continuances" to allow him to make repairs, but Mong failed to make any progress on repairs or bring the property into compliance with the Code.

¶ 13    On November 4, 2021, the court discharged the receiver and issued a preliminary injunction against Mong to not rent, use, lease, or occupy the property and to not interfere with any materials securing the property. Additionally, the court joined Stargate Investments, LLC, the new property owner through a foreclosure sale, as a defendant, and dismissed McNeely as a defendant. On December 10, 2021, Mong filed a motion requesting the court to allow him to "continue work" at the property. The court denied the motion, noting that there was a new owner and Mong had not shown any current standing for the relief.

¶ 14    On May 5, 2022, the court entered an agreed permanent injunction enjoining and restraining Stargate Investments, LLC, from renting, using, leasing, or occupying the property until compliance with the Code was established. The court reserved jurisdiction for purposes of modifying, enforcing, or terminating the injunction.

¶ 15    On August 26, 2022, Mong filed a *pro se* motion requesting the circuit court "to return funds for taxes redeemed by defendant." Mong acknowledged in his motion that the property had been sold to another party. On September 12, 2022, the court continued Mong's motion to October 6, 2022. On October 6, 2022, the court denied Mong's motion, stated that the permanent injunction of May 5, 2022, stood, and ordered the case "off call." The order states that the "hearing date" was October 6, 2022.

¶ 16    On October 19, 2022, Mong filed a notice of appeal listing October 6, 2022, and January 25, 2021, as the dates of the judgments appealed from. The notice of appeal also stated that the underlying circuit court proceedings should be dismissed due to "factual and law discrepancies" or to "return funds appellant used to pay taxes." Mong's notice of appeal further states, "civil order of procedure violated by Appellee City of Chicago lawyer and associate."

¶ 17    On September 11, 2023, this court entered an order taking this case for consideration on the record and Mong's brief only, after the City informed this court that it would not be filing a brief in this matter. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (a reviewing court may decide a case on appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 18    As an initial matter, in his notice of appeal Mong purports to appeal from an order dated January 25, 2021. However, Mong does not raise any claims regarding a January 25, 2021, order in his appellate brief and has therefore forfeited any such contentions. See Ill. Sup. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("points not argued are forfeited"); *Khan v. Fur Keeps Animal Rescue, Inc.*, 2021 IL App (1st) 182694, ¶ 42 (where an appellant does not raise an issue in his appellate brief, it is forfeited for our consideration).

¶ 19    Moreover, the record on appeal does not include an order dated January 25, 2021, and no such order was annexed to Mong's notice of appeal. As the appellant, Mong bears the burden to provide this court with a sufficiently complete record of the circuit court's proceedings to support a claim of error, and where he fails to do so, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). We cannot review an order we do not have. Accordingly, even had Mong raised an issue regarding an order of January 25, 2021, in his brief, given his failure to file a sufficient record for our review, we would presume that the order entered by the trial court "was in conformity with law and had a sufficient factual basis." *Id*.

¶ 20    Mong also raises no issues in his brief regarding the other order cited in his notice of appeal, the order of October 6, 2022. Again, any such contentions are therefore forfeited. Ill. Sup. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Khan*, 2021 IL App (1st) 182694, ¶ 42.

¶ 21    Moreover, had Mong challenged the October 6, 2022, order in his brief, deficiencies in the record on appeal again hinder our review of defendant's appeal from the order. Although the record includes the written order entered on that date, the record lacks a report of proceedings or

acceptable substitute such as a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017).

¶ 22    Here, the written order entered on October 6, 2022, specified that a hearing occurred on that date, and that Mong's motion requesting the circuit court "to return funds for taxes redeemed by defendant" was denied. According to the order, the permanent injunction of May 5, 2022, stood, and the case was "off call." Without a report of the proceedings or an acceptable substitute therefor, this court does not know the testimony, evidence, or arguments that were presented and the basis for the circuit court's order. *Eastern Savings Bank v. Andrews-Lewis*, 2023 IL App (1st) 220413, ¶ 22. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. See *Foutch*, 99 Ill. 2d at 392. Consequently, we would have no basis to disturb the circuit court's judgment. *Id.* at 391-92.

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 24    Affirmed.