2024 IL App (1st) 231780-U

THIRD DIVISION
December 26, 2024

No. 1-23-1780

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| MU SIGMA INC., a Delaware corporation, MU SIGMA BUSINESS SOLUTIONS LLC, a Delaware limited liability company, and MU SIGMA BUSINESS SOLUTIONS PVT. LTD., an Indian corporation, | ) ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 22 L 11388 |
| SAYANDEB BANERJEE, an individual, THE MATH COMPANY INC., a Texas corporation, THE MATH COMPANY HOLDING, INC., a Delaware company, THE MATH COMPANY PVT. LTD., an Indian corporation, ADITYA KUMBAKONAM, an individual, and ANUJ KRISHNA, an individual, | ) ) ) ) ) ) ) | Honorable Patrick J. Sherlock, Judge Presiding. |
| Defendants-Appellees. | ) ) | |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Reversing an order which dismissed an action based on *res judicata* where the movants did not establish the rendition of a final judgment on the merits by a court of competent jurisdiction; remanding for further proceedings.

¶ 2   Plaintiffs Mu Sigma, Inc., Mu Sigma Business Solutions LLC, and Mu Sigma Business

Solutions Pvt. Ltd. (collectively, Mu Sigma) provide data analytic services to corporate clients. Mu Sigma was founded in India, and its United States headquarters are in Cook County, Illinois. After three former employees of Mu Sigma formed a competing business, Mu Sigma filed a civil action against them and their new companies in Bengaluru, India. The complaint in the Indian action primarily alleged that the individual defendants violated their respective employment agreements by engaging in wrongful interference with Mu Sigma customers and employees.

¶ 3    During the pendency of the litigation in India, the defendants issued press releases and updates to their website which caused Mu Sigma to believe the defendants had misappropriated specific Mu Sigma trade secrets. Viewing the United States as more protective of intellectual property and more generous with discovery in litigation, Mu Sigma decided to voluntarily dismiss the Indian case and to initiate a new action in the circuit court of Cook County. The defendants subsequently filed a motion to dismiss the complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2022)). The circuit court dismissed the Cook County action based on *res judicata*, finding that the termination of the Indian action was essentially a voluntary dismissal with prejudice which operated as a final judgment on the merits. Mu Sigma challenges this ruling on appeal. As discussed below, we reverse the circuit court judgment and remand for further proceedings.

¶ 4                                    BACKGROUND

¶ 5                                    *The Parties*

¶ 6    Mu Sigma Inc. is a Delaware corporation with its headquarters in Northbrook, Illinois. Mu Sigma Business Solutions LLC is a Delaware limited liability company, also headquartered in Northbrook. Mu Sigma Business Solutions Pvt. Ltd. is an Indian corporation with its headquarters in India.

¶ 7     Sayandeb Banerjee (Banerjee), Aditya Kumbakonam (Kumbakonam), and Anuj Krishna (Krishna) (the Individual Defendants) had been employed by Mu Sigma or its affiliates. Banerjee, who was hired by Mu Sigma in 2005 and became a vice president, signed multiple employment, confidentiality, and "proprietary rights" agreements with Mu Sigma. Kumbakonam and Krishna executed similar agreements.

¶ 8     In 2016, the Individual Defendants formed three new companies: (a) The Math Company, Inc., a Texas corporation authorized to do business in Illinois; (b) The Math Company Holding, Inc., a Delaware corporation headquartered in Chicago; and (c) The Math Company Pvt. Ltd., an Indian corporation (collectively, The Math Company). According to Mu Sigma, the name of The Math Company was based on Mu Sigma's tagline: "Do the math."

¶ 9                                   *Indian Litigation*

¶ 10    Mu Sigma filed a complaint against the Individual Defendants and The Math Company Pvt. Ltd. in the city civil court at Bengaluru, India, in April 2018, alleging, in part, as follows. Mu Sigma initially did not suspect "anything amiss" when the Individual Defendants each resigned within a two-month period. Mu Sigma subsequently learned, however, that the Individual Defendants had formed a business which offered the same services as Mu Sigma, in violation of their contractual obligations to their former employer. According to Mu Sigma, the Individual Defendants misused confidential information obtained during their employment to solicit business from Mu Sigma customers and to hire Mu Sigma employees.

¶ 11    Although Mu Sigma was apparently awarded an *ex parte* temporary injunction earlier in the proceedings, the Indian court entered an order in June 2019 finding that Mu Sigma had not "made out a prima facie case" for the grant of a "ad-interim temporary injunction" against the defendants.

¶ 12    The Indian litigation then continued until June 2022, when Mu Sigma filed a "Memo of Withdrawal," a one-page document which represented that "[t]he Plaintiffs no longer want to pursue the instant suit against the Defendants and wishes [*sic*] to withdraw the same."  The court subsequently entered an order which stated that the defendants' attorney did not object to the withdrawal; the order provided that the "[s]uit is hereby dismissed as withdrawn."

¶ 13                                *Cook County Complaint*

¶ 14    Mu Sigma filed a complaint in the circuit court of Cook County on December 27, 2022, against the Individual Defendants and The Math Company.[1]  The complaint alleged that, prior to 2021, the Individual Defendants had asserted under oath that they had not misappropriated proprietary information from Mu Sigma and that the services provided by The Math Company were not based on knowledge obtained from their employment with Mu Sigma.  In August 2021, however, the defendants issued press releases and updates to their website which revealed that The Math Company's processes and platforms were nearly identical to those of Mu Sigma.  Mu Sigma thus learned that the defendants had misappropriated highly confidential trade secrets and technical information to which they had access solely based on their relationship with Mu Sigma.

¶ 15    The complaint alleged that, at the time of the filing of the Indian litigation in 2018, Mu Sigma did not "know" any information regarding the technology and processes which the defendants were using to perform competing services, although Mu Sigma "suspected" that the defendants might be using its proprietary information based on the similarity of the services they purported to provide.  Representing that pretrial discovery is "extremely limited" in India as compared to the United States, Mu Sigma alleged that the Indian court had lifted a temporary

---

[1] We note that The Math Company Holding, Inc. was voluntarily dismissed without prejudice in May 2023.

injunction (as discussed above) based on the Individual Defendants' denials under oath and Mu Sigma's lack of specific information regarding the defendants' technology and processes. Upon discovering that its proprietary information was being used primarily in the United States and that many of The Math Company's employees and officers (including Kumbakonam) were located in Illinois, Mu Sigma withdrew the Indian lawsuit and filed the Cook County action.

¶ 16    The complaint included six counts: (a) misappropriation of trade secrets; (b) tortious interference with prospective economic advantage; (c) tortious interference with contract; (d) breach of contract; (e) conversion; and (f) unjust enrichment.

¶ 17                                    *Motion to Dismiss*

¶ 18    The defendants filed a combined motion to dismiss the complaint pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2022)).  Citing section 2-619(a)(4) (*id.* § 2-619(a)(4)), the defendants first argued that the doctrine of *res judicata* barred the complaint.  The defendants asserted that the dismissal order was a final judgment on the merits for purposes of *res judicata* and that there was an identity of causes of action and an identity of the parties or their privies.  In support of this contention, the defendants submitted the declaration of Indian attorney Pallavi Shroff (Shroff).

¶ 19    Shroff explained that there are two types of withdrawals under "Order 23" of India's Civil Procedure Code (the Indian Code): (a) an absolute withdrawal, which precludes the plaintiff from instituting another lawsuit on the same cause of action; and (b) a conditional withdrawal, wherein the plaintiff is allowed to institute a fresh lawsuit on the same cause of action with leave of court.  According to Shroff, a plaintiff seeking a conditional withdrawal must demonstrate either that their lawsuit fails due to some formal defect or that there are sufficient grounds for allowing the plaintiff to initiate a fresh lawsuit.  As Mu Sigma sought and

obtained an absolute withdrawal—and not a conditional withdrawal—the defendants maintained that the dismissal order in the Indian action was effectively a voluntary dismissal with prejudice, which operated as a final judgment on the merits for purposes of *res judicata* in Illinois.

¶ 20    The defendants advanced other arguments in support of dismissal: (a) that the complaint should be dismissed "as a textbook example of improper forum shopping" under the doctrine of *forum non conveniens*; (b) that Mu Sigma's tort and unjust enrichment claims were time-barred; (c) that the complaint failed to state a cause of action for breach of contract, as the restrictive covenants in the employment agreements were unenforceable and the complaint failed to allege a breach; and (d) that the complaint failed to state other claims for various reasons.

¶ 21    Mu Sigma filed a response to the motion to dismiss; the exhibits to the response included declarations from Indian attorney Pradeep Nayak (Nayak) and retired Justice Tirath Singh Thakur, the former Chief Justice of the Supreme Court of India.  Nayak averred that discovery (*e.g.*, interrogatories and document production) is "limited by various factors in India," including strict specificity requirements.  Nayak also represented that "[t]here is no statutory recognition in relation to protection of trade secrets or other confidential information in India."  Justice Thakur opined, in part, that the doctrine of *res judicata*, as recognized by the Indian Code, was inapplicable in this matter since the Indian suit was withdrawn and "there [was] no occasion for the court to hear the matter on [the] merits or record any findings regarding the same."

¶ 22    Mu Sigma maintained that the *res judicata* effect of an earlier judgment is determined by the law of the foreign jurisdiction where the judgment was decided, not by Illinois law. According to Mu Sigma, claim withdrawal under Order 23 of the Indian Code is not a final determination on the merits and does not have *res judicata* effect.  Mu Sigma noted that the defendants' expert (Shroff) agreed that the preclusion of a subsequent suit under Order 23 "is

considered distinct from the rule of *res judicata* under Indian law." Mu Sigma further contended that, pursuant to the Indian Code, Order 23 has no extraterritorial application and does not bar suits filed in courts outside of India. Finally, Mu Sigma argued that, even under Illinois law (see 735 ILCS 5/2-1009 (West 2022)), a plaintiff is permitted to voluntarily dismiss a case before trial, and such dismissal is without prejudice.

¶ 23    In their reply, the defendants asserted, in part, that the parties agreed that Order 23 barred Mu Sigma from bringing a new lawsuit based on the same subject matter as the 2018 lawsuit without permission from the Indian court. According to the defendants, "Mu Sigma wants a result not allowed in India—the chance to re-litigate its claims. If Indian law applies, Mu Sigma should be subject to the same result it would face in India."

¶ 24                              *Circuit Court Order*

¶ 25    In an order entered on September 8, 2023, the circuit court of Cook County found that the doctrine of *res judicata* applied and thus granted the defendants' motion to dismiss. The circuit court opined that the order of the Indian court dismissing the complaint operated as a final judgment on the merits under both Illinois and Indian law. After quoting Illinois Supreme Court Rule 273—which addresses the effect of involuntary dismissal—the circuit court stated that a plaintiff who takes a dismissal with prejudice is forever barred from refiling, unlike a voluntary dismissal without prejudice. As to Indian law, the circuit court opined that, based on Mu Sigma's withdrawal without permission to refile, the dismissal order operated as a bar to the initiation of any fresh suit. The circuit court also found that the other requirements of *res judicata* under Illinois law—identity of causes of action and identity of the parties or their privies—were satisfied. Mu Sigma timely filed a notice of appeal.

7

¶ 26                                    ANALYSIS

¶ 27    Mu Sigma primarily contends on appeal that the circuit court erred in dismissing the complaint under section 2-619(a)(4) of the Code based on *res judicata*.  735 ILCS 5/2-619(a)(4) (West 2022).  The defendants argue that the circuit court properly concluded that the nature of the dismissal of the prior Indian action mandated dismissal of the Cook County action.

¶ 28                    *Dismissal Motions and Standard of Review*

¶ 29    A motion to dismiss under section 2-619 of the Code "admits the legal sufficiency of the claim but asserts defects, defenses or another affirmative matter, appearing on the face of the complaint or established by external submissions, that defeats the claim or operates to avoid its legal effect."  *Direct Auto Insurance Co. v. Bahena*, 2019 IL App (1st) 172918, ¶ 56.  When ruling on a section 2-619 motion to dismiss, a court must interpret the pleadings and supporting documents in the light most favorable to the nonmovant.  *Khan v. Fur Keeps Animal Rescue, Inc.*, 2021 IL App (1st) 182694, ¶ 34.

¶ 30    Section 2-619(a)(4) permits involuntary dismissal on the ground that "the cause of action is barred by a prior judgment."  735 ILCS 5/2-619(a)(4) (West 2022)).  As the movant bears the burden of proving an affirmative defense (*Daniels v. Union Pacific Railroad Co.*, 388 Ill. App. 3d 850, 855 (2009)), the burden is on the defendants to prove their claim of *res judicata* based on the dismissal of the Indian litigation.  See *Direct Auto*, 2019 IL App (1st) 172918, ¶ 56.

¶ 31    The issue of whether a subsequent claim is barred by *res judicata* is a question of law which we review *de novo*.  *National Union Fire Insurance Co. of Pittsburgh v. DiMucci*, 2015 IL App (1st) 122725, ¶ 29.  *De novo* review means that we perform the same analysis as the circuit court would perform.  *Khan*, 2021 IL App (1st) 182694, ¶ 25.

¶ 32                                    *Res Judicata Principles*

¶ 33    *Re*s *judicata* is designed to "prevent multiple lawsuits between the same parties where the

facts and issues are the same." *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 44.  The underlying

policy of this equitable doctrine is "to promote judicial economy by preventing repetitive

litigation and to protect a defendant from the harassment of relitigating essentially the same

claim." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 21.  Accord *Carlson v.

Rehabilitation Institute of Chicago*, 2016 IL App (1st) 143853, ¶ 22 (noting that *res judicata*

"prevents a multiplicity of lawsuits").  "Under the doctrine, a final judgment on the merits

rendered by a court of competent jurisdiction operates to bar a subsequent suit between the same

parties involving the same cause of action." *Lutkauskas*, 2015 IL 117090, ¶ 44.  In addition to

the matters which were actually decided in the initial action, the bar also applies to matters which

could have been decided in that suit.  *Id.*; *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008).

¶ 34    "Three requirements must be satisfied for *res judicata* to apply: (1) the rendition of a

final judgment on the merits by a court of competent jurisdiction; (2) the existence of an identity

of cause of action; and (3) identity of the parties or their privies." *Lutkauskas*, 2015 IL 117090,

¶ 44.  The parties' dispute in this case centers on the first requirement, *i.e.*, whether the Indian

court rendered a final judgment on the merits.  As observed by our supreme court, the

"requirement of a final order or judgment is a 'critical' component in showing the applicability

of *res judicata*." *Richter*, 2016 IL 119518, ¶ 22 (quoting *Hernandez v. Pritikin*, 2012 IL 113054,

¶ 41).

¶ 35                                *Effect of Dismissal of Indian Case*

¶ 36    Mu Sigma initially asserts that, under Illinois choice of law rules, the *res judicata* effect

of an earlier judgment is determined by the law of the jurisdiction where the judgment was

rendered, not by Illinois law. The cases it cites for this proposition, however, do not involve judgments from foreign nations. *E.g.*, *DiMucci*, 2015 IL App (1st) 122725, ¶ 30 (finding that the federal law of *res judicata* applied as the earlier judgment was rendered by a bankruptcy court); *Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Illinois National Bank & Trust Co.*, 858 F.2d 1264, 1271 (7th Cir. 1988) (stating that Seventh Circuit law controlled the effect to be given a prior criminal conviction in a civil case).

¶ 37    The defendants contend—and we agree—that Illinois courts assessing the preclusive effects of a foreign-nation judgment have routinely applied the Illinois law of *res judicata,* as described above. *E.g.*, *In re Parentage of A.H.*, 2017 IL App (1st) 133703, ¶ 31; *In re Marriage of Kohl*, 334 Ill. App. 3d 867, 879-80 (2002); *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 312 Ill. App. 3d 1070, 1080 (2000). See *United States v. Kashamu*, 656 F.3d 679, 683 (7th Cir. 2011) (noting that when an order is issued by the court of a foreign nation, a domestic court is not bound by the full faith and credit clause of the United States Constitution or its implementing statute to comply with the foreign jurisdiction's preclusion rules).

¶ 38    The exact nature of the disposition of the Indian lawsuit, however, does not fit neatly within the Illinois legal framework. For example, the circuit court invoked Illinois Supreme Court Rule 273, but such rule addresses the effect of involuntary dismissal, whereas the Indian suit was voluntarily dismissed. Section 2-1009 of the Code allows a plaintiff the right to voluntarily dismiss an action, without prejudice, before the trial begins (735 ILCS 5/2-1009 (West 2022)), and section 13-217 generally provides the plaintiff the ability to refile the action within one year of the entry of the order or within the remaining limitations period, whichever is longer (735 ILCS 5/13-217 (West 1994)).[2] Although Illinois law thus liberally permits a party to

---

[2] Public Act 89-7, which amended section 13-217 effective March 1995 (Pub. Act 89-7 (eff. Mar.

10

refile a voluntarily dismissed lawsuit, Order 23 of the Indian Code requires an express showing from the movant and a ruling from the court to allow the possibility of such subsequent filing. Mu Sigma understandably did not seek such a ruling, given that a conditional withdrawal was unnecessary as it did not intend to refile suit in an Indian court. While we recognize that Illinois courts have found a voluntary dismissal with prejudice to be an adjudication on the merits for *res judicata* purposes (*e.g.*, *Mann v. Rowland*, 342 Ill. App. 3d 827, 835-36 (2003)), the defendants' counsel acknowledged during oral argument before this court: "India doesn't have the same labels that we do. So there's no such thing in India as a label of 'with' or 'without prejudice.' "

¶ 39    To resolve this issue, we return to the purpose of *res judicata*. The basis of *res judicata* is that "the party against whom the doctrine is raised has litigated or had an opportunity to litigate the same matter in a former action." *Drabik v. Lawn Manor Savings & Loan Ass'n*, 65 Ill. App. 3d 272, 276 (1978). The doctrine is "premised on the notion that the law affords every man his day in court along with the opportunity to present his case on the issues involved." *Pedigo v. Johnson*, 130 Ill. App. 3d 392, 394 (1985). Based on our review, it appears that in Illinois cases where a complaint has been dismissed based on the existence of a prior foreign-nation judgment, the substantive issues were presented to and addressed by the foreign court. *Compare Parentage of A.H.*, 2017 IL App (1st) 133703, ¶ 34 (applying *res judicata* where the father in a family law dispute was given an opportunity to present his case in Thailand) and *Philips Electronics*, 312 Ill. App. 3d at 1081 (applying *res judicata* where the English court had "thoroughly analyzed the policy language and its application" in an insurance-related dispute) with *Kohl*, 334 Ill. App. 3d at 880 (finding *res judicata* inapplicable where the party "never

---

9, 1995)), was held unconstitutional by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). The effective version of section 13-217 is thus the version which preceded the amendments to Public Act 89-7. *Eighner v. Tiernan*, 2021 IL 126101, ¶ 1 n.1.

litigated or had an opportunity to litigate the issue of personal jurisdiction before the Israeli court").

¶ 40      The substantive issues between Mu Sigma and the defendants were neither fully presented to nor addressed by the Indian court.  We thus conclude that the defendants did not satisfy their burden to establish that there was the rendition of a final judgment on the merits by a court of competent jurisdiction, and *res judicata* does not apply.  *Hernandez*, 2012 IL 113054, ¶ 41 (stating that the "burden of showing that *res judicata* applies is on the party invoking the doctrine").  As the circuit court did not consider the other grounds for dismissal presented by the defendants (*e.g.*, *forum non conveniens*), we reverse the judgment of the circuit court and remand this matter for the circuit court to address the other issues raised in the motion to dismiss.  *E.g.*, *Reidelberger v. Bi-State Development Agency*, 8 Ill. 2d 121, 124 (1956) (reversing and remanding for the circuit court "to consider and pass upon the remaining questions raised by the motion to dismiss").  See *Fredericks v. Liberty Mutual Insurance Co.*, 255 Ill. App. 3d 1029, 1036 (1994); *Dunlap v. Illinois Founders Insurance Co.*, 250 Ill. App. 3d 563, 569-70 (1993).

¶ 41                                                    CONCLUSION

¶ 42      For the reasons discussed above, the judgment of the circuit court of Cook County is reversed, and this matter is remanded for additional proceedings consistent with this order.

¶ 43      Reversed; remanded.