2025 IL App (1st) 241014-U
No. 1-24-1014
Order filed April 25, 2025

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| FIAZE ISSA, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) Appeal from the Circuit Court |
| v. | ) of Cook County. |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| PROFESSIONAL REGULATION; CECILIA | ) No. 23 CH 8510 |
| ABUNDIS, in her official capacity as Director of | ) |
| the Illinois Department of Professional | ) |
| Regulation; and MARIO TRETO JR., in his | ) The Honorable |
| official capacity as Secretary of the Illinois | ) Cecilia Horan, |
| Department of Professional Regulation, | ) Judge, presiding. |
| | ) |
| Defendants-Appellees. | ) |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Affirming circuit court's dismissal of complaint for lack of jurisdiction where
Department did not issue an administrative decision.

¶ 2    Fiaze Issa's brother, George Issa, Jr., died of liver failure at 42. Fiaze filed a complaint

against Dr. Michelle Alexandre with the Illinois Department of Professional Regulation,

claiming her treatment of George and failure to maintain his medical records violated the Medical Practice Act. Five years later, Fiaze learned that the Department decided not to discipline Dr. Alexandre. He first filed a mandamus complaint to compel the Department to discipline her, which the circuit court dismissed with prejudice. Fiaze then filed a complaint seeking circuit court review of the Department's decision not to discipline Dr. Alexandre either through a writ of *certiorari* or the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (2022)).

¶ 3    The Department moved to dismiss, arguing that the circuit court lacked jurisdiction because the Department never issued a final administrative decision. The circuit court agreed and dismissed the case.

¶ 4    Fiaze, representing himself, appeals, seeking reversal of the circuit court's dismissal or, alternatively, direct review of the Department's decision not to discipline Dr. Alexandre under Illinois Supreme Court Rule 335 (eff. July 1, 2017).

¶ 5    We affirm. The Medical Practice Act has adopted the Administrative Review Law as the sole method of review, thus precluding a writ of *certiorari*. Furthermore, the Department's inaction regarding the discipline of Dr. Alexandre did not constitute a final administrative decision, resulting in the circuit court's lack of jurisdiction. Consequently, we do not have the authority to review this matter under Rule 335.

¶ 6                                  Background

¶ 7    Fiaze Issa was the primary caregiver for his brother George Issa, Jr., who had a mental disability. In 2015, at the age of 42, George was diagnosed with liver disease and, tragically passed away days later. In 2017, as administrator of George's estate, Fiaze filed a malpractice lawsuit against George's treating physician, Dr. Michelle Alexandre, asserting that she

negligently prescribed medicine without properly monitoring its adverse effects on George's liver and destroyed George's medical records. Fiaze ultimately voluntarily dismissed the malpractice case.

¶ 8 Additionally, Fiaze filed a complaint with the Illinois Department of Financial and Professional Regulation, alleging Dr. Alexandre engaged in "gross negligence," "unethical conduct," and "a pattern of behavior showing incompetence." He claimed she made fraudulent written and verbal statements and failed to maintain accurate records under section 22 of the Medical Practice Act of 1987. 225 ILCS 60/22 (West 2022). The Department sent Fiaze a letter acknowledging receipt of his complaint and indicated that staff would evaluate it to determine "the most appropriate course of action." The Department advised Fiaze it would contact him by letter if it were "unable to proceed" with his complaint and that if the Department opened an investigation, he "may be contacted by a Department investigator seeking additional information."

¶ 9 After more than five years, Fiaze contacted the Department to inquire about his complaint and discovered that the Department had completed its investigation years earlier and had taken no action.

¶ 10 In response, Fiaze filed a mandamus complaint demanding immediate disciplinary action against Dr. Alexandre under the Medical Practice Act. The circuit court dismissed the complaint with prejudice, finding Fiaze lacked a clear right to relief because the Department had sole discretion to institute disciplinary proceedings against physicians.

¶ 11 The following day, Fiaze contacted the assistant attorney general who represented the Department in the mandamus proceeding about a possible settlement. In an email dated September 8, 2022, the attorney responded, "[a]t this point, the investigation is concluded and

closed, and this case has been dismissed, and the Department is not willing to entertain further settlement discussions." The attorney also advised Fiaze on how to access public records to monitor any future disciplinary actions against the doctor.

¶ 12     Dissatisfied with the Department's stance, Fiaze filed a *pro se* complaint for a writ of *certiorari*, naming as defendants the Department, its Secretary, and the Director of the Division of Professional Regulation. Fiaze alleged that the September 8 email from the assistant attorney general "was the first time verbally or in writing [he] was made aware the case was closed." He sought review of the Department's "decision" to do "nothing at all with Dr. Alexandre," either through *certiorari* or under the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (2022)).

¶ 13     The Department filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)), arguing the circuit court lacked jurisdiction under the Administrative Review Law, which the Medical Practice Act adopted. The Department contended that it never issued a final administrative decision, required to confer jurisdiction on the circuit court. Moreover, even if it had issued a final administrative decision, Fiaze failed to seek timely review within 35 days of the Department's decision to close the investigation in 2017 and lacked standing as he was not a party to the proceeding, and his rights would not have been impacted by it.

¶ 14     In response, Fiaze argued the Department had "a duty to bring things to a conclusion and do one's job" and breached that duty by failing to discipline Dr. Alexandre. He also argued that his relationship with his brother and principles of due process and equal protection gave him standing. As to timing, Fiaze argued that in 2017, the Department had promised him a written response, yet he hadn't received written confirmation that Dr. Alexandre would not be

disciplined until the September 8, 2023, email. And he filed within 35 days of that date. Finally, Fiaze argued the Department had an obligation to turn over unspecified records to the circuit court to assist the court in "solv[ing] the issues."

¶ 15 After a hearing, the trial court found that *certiorari* review was improper because the Medical Practice Act adopted the Administrative Review Law so excludes other forms of review and that relief was unavailable as no final administrative decision was issued. The circuit court dismissed the case due to the lack of jurisdiction.

¶ 16                                    Analysis

¶ 17                              Standard of Review

¶ 18 Section 2-619.1 of the Code allows a party to combine a section 2-615 motion to dismiss with a section 2-619 motion to dismiss. 735 ILCS 5/2-619.1 (West 2022). A section 2-615 motion tests the complaint's legal sufficiency, while a section 2-619 motion admits the complaint's sufficiency but asserts affirmative matter that defeats the claim. *Bjork v. O'Meara*, 2013 IL 114044, ¶ 21. We review *de novo* an order granting a motion to dismiss under either sections 2-615 or 2-619. *Id*. *De novo* review means we perform the same analysis as a trial court performed. *Khan v. Fur Keeps Animal Rescue, Inc.*, 2021 IL App (1st) 182694, ¶ 25. We may affirm on any basis supported by the record and the law. *Id*.

¶ 19                              Writ of *Certiorari*

¶ 20 The Medical Practice Act protects the public from physicians not qualified to practice medicine. *Nwaokocha v. Illinois Department of Financial and Professional Regulation*, 2018 IL App (1st) 162614, ¶ 63. To that end, the Department regulates and controls Illinois' medical practice. *Id*.; 225 ILCS 60/22 (West 2022); 20 ILCS 2105/2105-10 (West 2022). Medical practitioners must have an active license, show good "moral character," and be "physically,

mentally, and professionally capable of practicing medicine with reasonable judgment, skill, and safety." 225 ILCS 60/3, 9 (West 2022). Failure to do so subjects a medical practitioner to disciplinary action by the Department.

¶ 21     If the Department decides to take disciplinary action against a physician, it conducts an administrative proceeding, which may result in suspension or revocation of the physician's license or other forms of discipline. 225 ILCS 60/22(A) (West 2022). The Medical Practice Act has adopted the Administrative Review Law, which permits judicial review of the Department's final administrative decisions. 225 ILCS 60/41(a) (West 2022). The Administrative Review Law, however, provides the sole method of review; a plaintiff may not use *certiorari,* and other equitable, statutory, or common law actions to review an agency's decision. See *Outcom, Inc. v. Illinois Department of Transportation*, 233 Ill. 2d 324, 333 (2009). Thus, the circuit court correctly found that Fiaze could not seek a *certiorari* review of the Department's decision.

¶ 22                                         Jurisdiction

¶ 23     Fiaze alternatively asked the circuit court to review the Department's decision under the Administrative Review Law.

¶ 24     As noted, all final administrative decisions made by the Department under the Medical Practice Act are subject to judicial review under the Administrative Review Law. 225 ILCS 60/41 (West 2022); 735 ILCS 5/3-101 *et seq*. (West 2022). An administrative decision is "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2022). "Such determinations contemplate an adversarial proceeding involving the parties, a hearing on the

controverted facts, and an ultimate disposition rendered by an impartial fact finder." *Shempf v. Chaviano*, 2019 IL App (1st) 173146, ¶ 44.

¶ 25     We need to determine whether the Department's decision not to discipline Dr. Alexandre qualifies as an "administrative decision" subject to the Administrative Review Law. *O'Rourke v. Access Health*, 282 Ill. App. 3d 394 (1998) provides guidance. There, a plaintiff was denied insurance coverage for a bone marrow transplant that her insurer deemed experimental. She filed a complaint with the Illinois Department of Insurance, which investigated and issued a letter stating the insurer "appears to be within its contractual rights to deny [the] claim." *Id*. at 398.

¶ 26     When the plaintiff sued the insurer, the insurer attempted to invoke the Department's decision as a basis for *res judicata*. *Id*. at 399. The appellate court rejected the defense because the Department had not made an administrative decision. The court pointed out that "no hearing preceded the [Department's] determination, *** [n]o findings of fact were made, no record was created, and no order issued." *Id*. at 401. Instead, the Department provided a one-page letter, stating it "appears" the insurer was within its contractual rights to deny coverage. *Id*. at 401. "[E]ven giving a liberal reading to the statutory definition of 'administrative decision,' the [Department's] letter here simply does not qualify as one." *Id*.

¶ 27     Similarly, Fiaze filed a complaint with the Department, which investigated and opted not to pursue disciplinary action under the Medical Practice Act. There was no adversarial administrative proceeding initiated against Dr. Alexandre, no hearing on controverted facts, and no order issued affecting the doctor's legal rights, duties, or privileges. Thus, the Department made no "administrative decision" for the circuit court to review under the Administrative Review Law. *Mannheim School District No. 83 v. Teachers' Retirement System*

*of Illinois,* 2015 IL App (4th) 140531 ¶ 12 (circuit courts may exercise jurisdiction over administrative review cases only as Administrative Review Law dictates). Consequently, the circuit court properly dismissed the complaint.

¶ 28     The absence of an administrative decision by the Department also prevents us from reviewing the Department's action under Supreme Court Rule 335 (eff. July 1, 2017), which provides for direct review of orders issued by an administrative agency.

¶ 29     Having affirmed the circuit court's finding that it lacked jurisdiction, we need not address Fiaze's standing or timeliness contentions.

¶ 30     Affirmed.